IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-cv-01299-WDM-MJW

ANTHONY SANDERS,

    Plaintiff,

v.

UNDER DEPUTY [sic] SHERIFF, et al.,

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This case is before me on two recommendations issued by Magistrate Judge Michael J. Watanabe. The first recommendation, issued January 10, 2005, is that defendants Dr. Hoffman and Emanual Quezada be dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b). Plaintiff Anthony Sanders filed a request for additional time to find and serve Mr. Quezada. I construe this filing to be a partial objection to the recommendation. 28 U.S.C. § 636(b). The second recommendation, issued May 2, 2005, is that this case be dismissed with prejudice based upon Plaintiff's failure to comply with a court order directing him to make monthly payments or to show cause why he cannot do so. Plaintiff did not object to this recommendation and therefore is not entitled to *de novo* review.[1] *Id.*

I have reviewed the pertinent portions of the record in this case, including the

---

[1] On June 3, 2005, after the objection period expired, Plaintiff filed a motion for extension of time to proceed with his case. On June 13, 2005, Magistrate Judge Watanabe denied this motion.

Amended Complaint, filed August 20, 2004; the October 7, 2004 Notice; the October 25, 2004 Order to Show Cause; the Minutes of the December 10, 2004 Show Cause Hearing; the January 4, 2005 Status Report; the Minutes of the January 7, 2005 Show Cause Hearing; the March 3, 2005 Filing Fee Order; both recommendations; and Plaintiffs' two filings immediately following the entry of the recommendations.

With regard to the January 10, 2005 recommendation, I note that Plaintiff does not object to the dismissal of defendant Dr. Hoffman. With respect to dismissal of defendant Quezada, Plaintiff only asks for time, through April 2, 2005, to find Mr. Quezada and serve him in this lawsuit. Although that date has now passed, Plaintiff has not filed any proof of service on Mr. Quezada and has not requested more time in which to do so. I concur with the recommendation that defendants Hoffman and Quezada be dismissed pursuant to Rule 4(m).[2]

The May 2, 2005 recommendation is that the case be dismissed due to Plaintiff's failure to comply with the March 3, 2005 order requiring him to make a monthly payment or to show cause why he could not do so. Objections to this recommendation were due May 19, 2005. Fed. R. Civ. P. 6(a), 72(b). Plaintiff's June 3, 2005 motion for extension of time was denied by Magistrate Judge Watanabe. Thus, Plaintiff has not objected to the recommendation and has not been granted additional time to comply with the order to show cause.

---

[2] The recommendation suggests that dismissal with prejudice against both Hoffman and Quezada is appropriate pursuant to Rule 41(b) because Plaintiff failed to comply with the Order to Show Cause and has not prosecuted the case against these defendants. By its terms, Rule 41(b) requires a motion to dismiss filed by a defendant. Neither Hoffman nor Quezada has appeared or moved to dismiss in this case. Accordingly, I will proceed only pursuant to Rule 4(m), based on Plaintiff's failure to serve the defendants within the required time period.

I may dismiss Plaintiff's complaint based upon his failure to comply with the order to show cause and the July 12, 2004 order directing him to make monthly payments. *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). Although I should ordinarily first authorize prison officials to withdraw required payments, Plaintiff has now been released from prison, and it is not clear from the record whether any prison or other official has any control over Plaintiff's assets. *Id*.

The recommendation is that I dismiss the complaint with prejudice.[3] Before such a dismissal, the Tenth Circuit requires this court consider the relevant factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Cosby*, 351 F.3d at 1333. These factors include:

> (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.

*Id*. Here, the recommendation does not address these factors.[4] Although I could perform the analysis and determine whether these factors justify the sanction of dismissal, I find it would be more efficient for Magistrate Judge Watanabe to review this issue given his

---

[3] Even were I to dismiss the case without prejudice, it is likely that the dismissal would operate to bar Plaintiff from re-filing his claims. According to the amended complaint filed in August 2004, Plaintiff alleges violations of his constitutional rights in February and March 2003. The two-year statute of limitations applicable to this 42 U.S.C. § 1983 action has now passed for these claims. *Cf. Shipp v. Widnall*, No. 97-2299 (10th Cir. December 16, 1998) (1998 WL 873052) (express dismissal without prejudice operated as dismissal with prejudice because of lapse of statutory filing periods).

[4] *See, e.g., Rueb v. Morales*, 91 Fed. Appx. 95 (10th Cir. 2004) (2004 WL 206310) (reversing dismissal for failure to make monthly payments as directed in show cause order where neither magistrate judge nor district court addressed *Ehrenhaus* factors); *Shipp v. Widnall*, 1998 WL 873052 at **2 ("When a dismissal is or has the effect of being 'with prejudice,' the district court '*must* explain why it imposed the extreme sanction of dismissal'") (citations omitted; emphasis in quoted material).

greater familiarity with Plaintiff's conduct in this case and Plaintiff's payment history. I will therefore not accept the recommendation but instead allow him to address Plaintiff's failure to comply with the March 3, 2005 order requiring him to make a monthly payment or to show cause why he could not do so in the context of the *Ehrenhaus* factors.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued January 10, 2005, is accepted as discussed herein.

2. This case is dismissed without prejudice against Dr. Graham Hoffman and Mr. Emanual Quezada pursuant to Fed. R. Civ. P. 4(m).

3. The recommendation of Magistrate Judge Watanabe, issued May 2, 2005, is not accepted for the reasons set forth above.

4. Magistrate Judge Watanabe may revisit the issue of the proper sanction for Plaintiff's failure to comply with the March 3, 2005 order.

DATED at Denver, Colorado, on July 26, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge