THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 04-cv-01299-WDM-MJW

ANTHONY TYRONE SANDERS,

Plaintiff,

v.

UNDER DEPUTY [sic] SHERIFF, et al.,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE PURSUANT TO
FED. R. CIV. P. RULES 37(B)(2) AND 41(B) (Docket No. 106)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on September 28, 2004 (Docket No. 29).

On June 13, 2005, this court conducted a status conference. (See Docket No. 101). Plaintiff appeared by telephone, but during the conference, he was suddenly no longer on the telephone line. Subsequent attempts by the court to reconnect the telephone call at two different telephone numbers were unsuccessful. The court set a further status conference on August 2, 2005, at 8:30 a.m. Plaintiff was directed to appear in person for that hearing. A Minute Order setting that conference was issued the following day. (Docket No. 102).

Thereafter, in an Order on Recommendation of Magistrate Judge issued on

July 26, 2005 (Docket No. 104), Judge Miller ruled that Magistrate Judge Watanabe "may revisit the proper sanction for Plaintiff's failure to comply with the March 3, 2005 order [which required plaintiff to make a monthly payment or to show cause why he could not do so]." (Docket No. 104 at 4).

Plaintiff subsequently moved to reset the status hearing because he would be in jail up until August 11, 2005. (Docket No. 105). He indicated in his letter motion that "once release [sic] i [sic] will send my other address .A.S.AP. [sic]." (Docket No. 105). That motion was granted by Minute Order filed July 28, 2005 (Docket No. 108), in which this court stated:

> Based upon Judge Miller's Order on Recommendation of Magistrate Judge (docket no. 104), it is hereby ORDERED that this case is set for hearing on the issue regarding the proper sanctions for Plaintiff's failure to comply with the March 3, 2005 order. This hearing is set before Magistrate Judge Watanabe August 12, 2005, at 10:00 a.m. in Courtroom A-502, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Denver, Colorado 80294.
>
> It is FURTHER ORDERED that the Pro Se Plaintiff's Motion for Ext.[sic]- Time (docket no. 105) is GRANTED. The status conference set before Magistrate Judge Watanabe on August 2, 2005, at 8:30 a.m. is VACATED and will be conducted on August 12, 2005, at 10:00 a.m. along with the issue for sanctions.

(Docket No. 108).

In the margin of a motion entitled, "Motion. Asking The Judge for Mercy" (Docket No. 109), plaintiff once again asked that the August 2, 2005, hearing be reset. That motion was denied as moot in a Minute Order dated August 2, 2004 (Docket No. 11), in which the court specifically advised:

> In a Minute Order filed July 28, 2005 (Docket No. 108), this court reset the status hearing and set the hearing on the issue regarding the proper

3

      sanctions for Plaintiff's failure to comply with the March 3, 2005 order. Those hearings are currently set before Magistrate Judge Watanabe on **August 12, 2005, at 10:00 a.m.** in Courtroom A-502, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Denver, Colorado 80294.  **Plaintiff shall appear in person at that date and time, otherwise sanctions may be imposed, which could include dismissal of this action.**

(Docket No. 111) (emphasis in original).

      Plaintiff did not appear as directed for the August 12, 2005, hearing.  Although the plaintiff's copy of the Minute Order filed July 28, 2005 (Docket No. 108), was returned to the court by the U.S. Postal Service (see Docket No. 115 filed August 4, 2005), the subsequent order which also advised the plaintiff of the new date (Docket No. 111) was not returned.   Furthermore, based upon representations made by defense counsel, it is apparent that the plaintiff was aware of the August 12 hearing.  Attorney Kennedy advised the court that plaintiff had called and provided Kennedy with plaintiff's new address as of August 12.  During that conversation, plaintiff appeared to be aware of the August 12 hearing.  On August 10, 2005, plaintiff left telephone messages for both Kennedy and attorney Lyons indicating that plaintiff wanted them to bring certain documents to the hearing.  Similarly, attorney Farry represented to the court that plaintiff had called and spoken with a paralegal and secretary from his office with the same request that he bring documents to the hearing.

      Based upon the above, this court issued an Order to Show Cause on August 12, 2005.  (Docket No. 118).  In that Order, this court quoted the relevant portions of Fed. R. Civ. P. 16(f), 37(b)(2)(B), (C), and (D), and 41(b), and then directed that on August 25, 2005, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U. S. Courthouse, 901 Nineteenth Street, Denver, Colorado, a Show Cause Hearing would

4

be held at which the plaintiff was required to appear in person and show cause show cause why this case should not be dismissed for failure to prosecute, failure to comply with court orders and Local Rules, and failure to appear. Plaintiff was specifically advised in that Order that "[i]n addition to the possible dismissal of this action, other sanctions being contemplated are the attorney fees and costs incurred by defendants having their counsel appear for the August 12 hearing." The Clerk of the Court was directed to send a copy of that Order to Show Cause to the plaintiff at the following address: 1105 Farragut, Colorado Springs, CO 80909, which was the address plaintiff provided to defense counsel Kennedy. In addition, the plaintiff was directed to forthwith file a change of address with the Clerk of the Court, with a copy to defense counsel.

Plaintiff's copy of the Order to Show Cause was not returned by the U.S. Postal Service as undeliverable. Despite being warned of the possible sanctions that could be imposed for failing to appear, including dismissal of this action, the plaintiff did not appear as directed at the August 25, 2005, hearing, nor did he even telephone the court at the time set for the hearing or move to have the hearing vacated or reset. In addition, the plaintiff still has not provided the court with a change of address as required by D.C.COLO.LCivR 10.1(M) ("Within ten days after any change of address, telephone number or e-mail address of any attorney or pro se party, notice of the new address, telephone number or e-mail address shall be filed.").

Prior to the August 12 and 25 hearings, the defendants filed a Joint Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. Rules 37(B)(2) and 41(B) (Docket No. 106). In that motion, the defendants note, *inter alia*, the following. Plaintiff also

failed to telephone in or otherwise attend and participate in a Status Conference on April 6, 2005.  He also failed to attend his deposition, which was noticed for April 27, 2005, despite a court order to do so.  In addition, plaintiff did not object to this court's prior Recommendation of Dismissal (which was based upon plaintiff's failure to make monthly payments) (Docket No. 97), nor did plaintiff provide payment or show cause why he lacked the assets and means to make the monthly payments.

On August 3, 2005, the plaintiff filed what appears to be a Response to the defendants' motion, in which he concluded by stating that "I promise to be on time for all court orders <u>in the future</u>."  (Docket No. 113) (emphasis in original).  Plaintiff, however, subsequently failed to appear at the two August court proceedings as directed without any explanation.

> Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule 16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further

6

>proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
>(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Furthermore, Rule 41(b) provides in pertinent part:

>For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Id. at 921. Since the plaintiff is appearing pro se, this court has "assess[ed] whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." Id. at 920.

Plaintiff failed to appear at the last two court hearings, and he was specifically advised with respect to both hearings that his failure to appear could result in the

7

dismissal of the action.  In addition, plaintiff, without explanation, failed to appear for his deposition despite being ordered to do so by this court.   Defendants assert that

> Plaintiff's actions clearly prejudiced Defendants and interfered with the judicial process by forcing Defendants to expend resources, including the cost of preparing and attending the scheduled deposition and clogging the Court's docket with hearings Plaintiff failed to attend. . . .  The pending deadlines for discovery and dispositive motions were rendered meaningless when Plaintiff failed to attend his deposition or Court hearings, establishing Plaintiff's willful disregard of Court directives and proceedings.  All of these activities establish the necessity for dismissal of this action.
>
> Further, the record clearly establishes Plaintiff's culpability in regard to delay and mounting costs, including attorney fees, in this action.  His failure to appear at his deposition and his conduct concerning numerous hearings provides the Court with no alternative but to assume that such failures were the result of Plaintiff's willful disregard for the judicial process and that there is no indication available that Plaintiff may alter his outlook or behavior in the future.  Moreover, the Court informed the Plaintiff that the dismissal of this action was an available sanction if Plaintiff continued to hinder the management of the case by failing to comply with the judicial process. . . .
>
> Finally, no lesser sanction than dismissal, such as an award of attorney fees, holds the potential for effective alteration of Plaintiff's conduct.  Plaintiff lacks any obvious resources and contends he is entitled to treatment as an impoverished person in connection with this matter.  No economic sanction would result in any impact on Plaintiff for his culpability in wasting Defendants [sic] and the Court's time and resources. . . . Plaintiff did not cooperate with the Court's process for paying his filing fee or other expense associated with the commencement of this matter and never addressed his failure to do so in response to the Court's Show Cause Order.  Such behavior reflects an unwillingness to conform his behavior to the directives of the Court or reform past behavior in keeping with the Court's Orders.  All of this history and these circumstances combine to reflect that the dismissal of this action is the only proper sanction for the misconduct of Plaintiff.

(Docket No. 106 at 5-6).   This court agrees with the defendants' analysis under

Ehrenhaus and finds that lesser sanctions would not be effective.  Defendants have

8

shown actual prejudice from the plaintiff's repeated failure to appear and failure to prosecute. In addition, plaintiff's repeated failure to appear and failure to comply with court orders have interfered with the judicial process. Both the court and defense counsel have wasted considerable time as a result of such failures. Finally, plaintiff has been very clearly placed on notice that dismissal of the action would be a likely sanction for noncompliance with the court's orders.

Based upon the foregoing and upon careful consideration of the <u>Ehrenhaus</u> factors, it is hereby

**RECOMMENDED** that the Defendants' Joint Motion to Dismiss With Prejudice Pursuant to Fed. R. Civ. P. Rules 37(B)(2) and 41(B), which was filed on July 28, 2005 (Docket No. 106), be granted. It is thus recommended that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon the plaintiff's failure to prosecute, failure to comply with court orders and Local Rules, and failure to appear. It is also recommended that the plaintiff be directed to pay defendants' reasonable attorney fees and costs in having their counsel appear at the August 12 and 25, 2005, hearings. It is further

**ORDERED** that the Clerk of the Court shall send, by regular mail, a copy of this Recommendation to the plaintiff at the following address: 1105 Farragut, Colorado Springs, CO 80909.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge**

9

**assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives** *de novo* **review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   August 25, 2005   　　　s/Michael J. Watanabe  
　　　　　Denver, Colorado   　　　Michael J. Watanabe  
　　　　　　　　　　　　　　　　United States Magistrate Judge